IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Estate of Cau Bich Tran, et al.,<br><br>     Plaintiffs,<br>  v.<br><br>City of San Jose, et al.,<br><br>     Defendants. | NO. C 03-04997 JW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO MAINTAIN TRIAL DATE AND CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS** |

## I. BACKGROUND

The full background of this case is articulated in the Court's September 30, 2005 Order. (See Docket Item No. 56, hereafter "Order.")

On July 13, 2003, two San Jose Police Officers went to the home of Ms. Cau Bich Tran in response to a neighbor's concern for the safety of her children. Shortly after they entered her home, they found Ms. Tran in her kitchen holding a kitchen implement, which appeared to one of the police officers to be a meat cleaver. Unbeknownst to the officers, Ms. Tran had been using the implement to try to open a bedroom door, which she had accidentally locked. One of the police officers states that he believed that she was using the implement to threaten the officers or members of her family. In a matter of seconds after entering her home and in front of her family, he fatally shot her Ms. Tran.

Ms. Tran's Estate, her two children and her parents filed this action against the City of San Jose ("City"), Police Officer Chad Marshall ("Officer Marshall"), William Lansdowne ("Lansdowne"), Thomas Wheatley ("Wheatley"), and Robert L. Davis ("Davis") (collectively "Defendants"). Plaintiffs allege that Defendants violated their constitutional rights pursuant to 42 U.S.C. section 1983.

Defendants moved for summary judgment on the ground that based on the facts, Officer Marshall had sufficient cause to use deadly force and is therefore immune form liability for the fatal shooting. On September 20, 2005, the Court denied Defendants' motion for summary judgment on the ground that material facts upon which the motion was based are in dispute. Defendants immediately filed a Notice of Interlocutory Appeal from the Court's Order. Before the Court is a motion by the Plaintiffs to maintain the trial date and certify Defendants' appeal as frivolous.

## II. DISCUSSION

The general rule is that a timely notice of an interlocutory appeal from a judgment which is immediately appealable divests the district court of jurisdiction to proceed with trial over all but tangential matters. Chuman v. Wright, 960 F.2d 104 (9th Cir.1992) (citing United States v. Claiborne, 727 F.2d 842, 850 (9th Cir.) (cert. denied, 469 U.S. 829 (1984). Prior to 1992, this rule applied to appeals from a denial of qualified immunity to a police officer in an action under Section 1983. This is based on the nature of qualified immunity. It is an immunity from liability. An officer who is entitled to qualified immunity is entitled to assert this as a prohibition from having to stand trial. If the immunity is asserted and in a motion for summary judgment, it is established that there are no genuine issues of material fact, the defendant is entitled to an immediate interlocutory appeal of a denial of summary judgment. The trial court is divested of jurisdiction until the appeal is decided. Allowing an immediate interlocutory appeal before the officer is placed on trial preserves the purpose of the immunity defense.

In 1992, however, the Ninth Circuit carved out an exception to this divestment of trial court jurisdiction during an interlocutory appeal on denial of qualified immunity. If the trial court certifies that the interlocutory appeal is "frivolous" or "forfeited," the defendant may proceed with the interlocutory appeal, however, the trial court retains dual jurisdiction to proceed with the trial. Chuman, 960 F.2d at 105 (9th Cir. 1992). This has become known as a "Chuman certification." The Supreme Court has since endorsed

this power as a means of protecting civil rights plaintiffs from abusive pre-trial assertions of qualified immunity. See Behrens v. Pelletier, 516 U.S. 299 (1996).

In this case, Plaintiffs have asked the Court to certify Defendants' appeal as frivolous. The issue becomes what is meant by "frivolous" under Chuman and whether or not this case fits within it. Chuman does not define the term.  This Court gives the term its ordinary meaning.  An appeal is frivolous if it has no legal basis or is interposed for an unlawful purpose, such as delay or the vex, annoy or harass.

There is no claim that the interlocutory appeal in this case is being taken for an unlawful purpose.

An interlocutory appeal from a denial of qualified immunity which raises **an issue of law** is within the jurisdiction of the appellate court and therefore **meritorious**. An appeal which raises **an issue of fact** is outside the jurisdiction of the appellate court and is **frivolous**. See Johnson v. Jones, 515 U.S. 304, 313 (1995); Jeffers v. Gomez, 267 F.3d 895, 905 (9th Cir. 2001) (emphasis added).  If the material facts are not in dispute and on the basis of those material facts, a reasonable police officer could reasonably conclude that the use of deadly force is warranted, an appeal from a denial of summary judgment would not be frivolous.  Under these circumstances, the appeal would raise a question of law, namely whether Officer Marshall is eligible for qualified immunity under the Plaintiffs' version of the disputed facts. See Wilkins vs. City of Oakland, 350 F.3d 949, 952 (9th Cir. 2003.)  The appeal would also be meritorious if it is made on the ground that the denial of qualified immunity was based on factual disputes over matters which were not material, so long as the undisputed material facts would justify granting immunity. Id. at 951.

If on the other hand, the trial judge rules that there is a genuine dispute over material facts and on that basis denies qualified immunity, an interlocutory appeal is frivolous if it is made on the ground that the evidence upon which the trial judge relied in finding a genuine dispute is insufficient to raise a genuine issue of fact.  The interlocutory appeal on this latter ground raises a purely factual issue over which the appellate court has no jurisdiction.

Applying this standard, the Court finds that Defendants' appeal is frivolous.  In its September 30 Order, the Court denied qualified immunity because it found that there was a genuine dispute over what took place between the time the police officers arrived at the Ms. Tran's apartment and the fatal shot.

3

Defendants' appeal necessarily challenges the sufficiency of the evidence upon which the Court relied in finding a genuine dispute and therefore, raises a purely factual issue.

In their opposition to the motion to certify the appeal as frivolous, the Defendants attempt to place themselves in a position of prosecuting a meritorious appeal by contending that they accept the Plaintiffs' version of the facts. Defendants contend, therefore, that because, under the Plaintiffs' version of the facts they are entitled to qualified immunity, the appeal raises a question of law and is meritorious. However, the appeal is taken from the Court's denial of Defendants' motion for summary judgment. In support of that motion, the Defendants did not accept Plaintiffs' version of the facts, but tendered their own version about what took place during the relevant time period. It was the difference between these versions over material matters which led the Court to deny summary judgment.

Moreover, the contention that the Defendants accept Plaintiffs' version of the facts is disingenuous. Their factual recitations contain significant differences from the version of the events according to the witnesses tendered by the Plaintiffs, including one of the police officers.

Furthermore, Plaintiffs opposed Defendants' motion for summary judgment on the ground that there were genuine factual disputes. At most, all that can be said at present is that Plaintiffs dispute Officer Marshall's version. At the point of ruling on the motion for summary judgment, the Court did not accept any version of the events. It only identified what it regards as a legitimate dispute over those facts. For that reason, no appeal can be based on the "Plaintiffs' version."

Ultimately, however, in this motion Defendants contend that Plaintiffs' version of the facts are "completely meaningless" because the issue is how the circumstances would have been perceived by the officer. (Opp'n at 8.) It is correct that the question is what a reasonable police officer would do under the circumstances **shown by the evidence**. However, since there is a dispute over those circumstances, the Court ruled that an assessment of reasonableness could not be made at this time. In maintaining their own version of the facts, Defendants are essentially challenging the Court's conclusion that issues of fact exist. It appears then, that Defendants are challenging the sufficiency of the evidence relied upon by this Court to reach its conclusion. In this way, Defendants' appeal is frivolous because it is beyond the jurisdiction of the Ninth Circuit during an interlocutory appeal on qualified immunity.

4

Accordingly, the Court exercises its authority to certify Defendants' appeal as frivolous and to proceed with trial. The Constitutional rights in dispute have been clearly established. The evidence in the record, viewed in a light most favorable to the Plaintiffs, establishes at the very least that genuine issues of material fact remain as to whether those clearly established rights have in fact been violated. Under the "dual jurisdiction" theory, the parties' interests are best served by this certification; Officer Marshall is freed to proceed with his appeal, while the Plaintiffs will not be unreasonably delayed in their pursuit of a remedy for the alleged violations of their constitutional rights.

### III.  CONCLUSION

The Court believes there is sufficient evidence in the record to create the factual disputes identified by the Court and finds that those disputes are material to the question of qualified immunity. The Court GRANTS Plaintiff's Motion to Maintain Trial Date and therefore, certifies Defendants' appeal as frivolous.

Dated: November 10, 2005

JAMES WARE  
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew C. Schwartz schwartz@cmslaw.com
Clifford S. Greenberg cao.main@ci.sj.ca.us
Felicita Vu Ngo felicita_vu_ngo@yahoo.com
Karen L. Snell ksnell@clarencedyer.com
Michael R. Groves CAO.Main@ci.sj.ca.us

Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94110-3939

**Dated: November 10, 2005**          **Richard W. Wieking, Clerk**

                                          **By:   /s/ JW Chambers**
                                                **Ronald L. Davis**
                                                **Courtroom Deputy**

**United States District Court**
For the Northern District of California